IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK JAMES GONZALES,

       Plaintiff,

vs.                                                                                                                                                           No. CIV 14-1163 JB/SMV

GERMAN FRANCO, MICHELLE BOYER,
GRIEVANCE OFFICER, THE NEW MEXICO
CORRECTIONS DEPARTMENT SUPERVISORS
ADMINISTRATORS, and GARY MARCIAL
UNIT MANAGER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915(e)(2), and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Untitled Initial Pleading, filed December 29, 2014 (Doc. 1)("Complaint"); (ii) the Plaintiff's Motion to Amend, filed February 2, 2015 (Doc. 9); and (iii) certain supplemental claims in his Request for a Protective Order, filed March 5, 2015 (Doc. 12). Plaintiff Nick James Gonzales is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss certain of Gonzales' claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting

McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the Complaint, the Court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint asserts two categories of claims: one for the Defendants' alleged violations of grievance procedures and policies, and the other for allegedly unconstitutional conditions of confinement, which led to his filing of grievances. The only named Defendants are the grievance officer, Defendant Michelle Boyer; a unit manager, Defendant Garry Marcial; and their administrative supervisors. Gonzales' underlying allegations are that various individuals conspired to violate his rights; deprived him of safe drinking water; allowed floors to remain wet and slippery; retaliated against him; denied him necessary medical treatment, sanitary shaving supplies, and recreation; and refused him access to his inmate file. In his Motion to Amend, Gonzales adds allegations of retaliatory threats, denial of his right to practice his religion, and chemical spray injury. In his Request for Protective Order, he alleges that certain individuals have labeled him as a "snitch," threatened him with false disciplinary reports, and denied him adequate legal access. The Complaint seeks mandatory injunctive orders, as well as "perhaps a substantial amount of money given to a charity in an amount stiff enough to ensure compliance," and other damages. Complaint at 7.

Gonzales first alleges that Boyer, Marcial, and their supervisors have violated departmental policies by ignoring and denying Gonzales' grievances and administrative complaints. As a starting point, prison officials' violations of departmental and prison regulations, without more, are not actionable under 42 U.S.C. § 1983. "'It is well established'

that a violation of state law 'does not create a claim under § 1983.' A failure to follow a state statute is 'actionable only if the alleged actions fail to meet basic federal constitutional standards.'" Hoffman v. Martinez, 92 F. App'x 628, 632 (10th Cir. 2004)(unpublished)(alterations omitted)(quoting Rector v. City & Cnty. of Denver, 348 F.3d 935, 947 (10th Cir. 2003)).[1] In other words, the resulting "conditions complained of must be 'sufficiently serious' to implicate constitutional rights . . . . [A] prisoner must show . . . 'conditions posing a substantial risk of serious harm' to inmate health or safety." DeSpain v. Uphoff, 264 F.3d 965, 973 (10th Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Furthermore, a plaintiff's pleading must allege that the defendants' actions caused an "actual injury[, which] derives ultimately from the doctrine of standing." Lewis v. Casey, 518 U.S. 343, 351 (1996). Here, the Complaint makes no allegation that grievance failures resulted in conditions or injuries that meet the standards noted in these cases.

More particularly, Gonzales' allegations that the Defendants ignore and summarily deny his grievances and administrative complaints do not support constitutional claims. Generally, of course, a plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional

---

[1]Hoffman v. Martinez is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Hoffman v. Martinez; Fogle v. Gonzales, 570 F. App'x 795 (10th Cir. 2014)(unpublished); Murray v. Albany County Board of County Commissioners, 211 F.3d 1278, 2000 WL 472842 (10th Cir. Apr. 20, 2000)(table opinion)(unpublished), have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion.

claim. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Murray v. Albany Cnty. Bd. of Cnty. Comm'rs, 211 F.3d 1278, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000)(table opinion)(unpublished). The Defendants' alleged violations of grievance procedures did not infringe Gonzales' right, under the First Amendment to the Constitution of the United States of America, to petition for a redress of grievances. "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)(per curiam)(quoted in Boyd v. Werholtz, 443 F. App'x 331, 332 (10th Cir. 2011)(unpublished)). "This means that after [the defendant] denied the grievance form, [the plaintiff] was free to file suit. Thus, because [the defendant]'s denial of the grievance form in no way prevented or hindered [the plaintiff] from bringing suit in court, his [constitutional] claim indisputably lacks merit." Fogle v. Gonzales, 570 F. App'x 795, 797 (10th Cir. 2014)(unpublished). As Gonzales asserts that he "relies on this Court as his only available forum to have his grievances redressed." Complaint at 1. The Court will dismiss Gonzales' claims for violations of grievance procedures.

As to Gonzales' underlying claims, his conspiracy claim under 42 U.S.C. § 1986 fails to implicate the statute's provisions. Under § 1986, a person may be liable for failing to prevent "any of the wrongs conspired to be done, and mentioned in section 1985." 42 U.S.C. § 1986. Here, as the United States Court of Appeals for the Tenth Circuit has stated, "plaintiff has made no allegations of race or class-based animus. As such, he has not stated a claim under section 1985." Bisbee v. Bey, 39 F.3d 1096, 1102 (10th Cir. 1994). As a result, "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985." Santistevan v. Loveridge, 732 F.2d 116, 118 (10th Cir. 1984). The Court will dismiss

Gonzales' claim under § 1986 of failure to prevent harm resulting from a conspiracy cognizable under § 1985.

Nor do Gonzales's allegations of slippery floors support a § 1983 claim.

> To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment. . . . Simply put, "a 'slip and fall,' without more, does not amount to cruel and unusual punishment. Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles."

Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004)(alterations omitted)(citations omitted)(quoting Mitchell v. West Virginia, 554 F. Supp. 1215, 1217 (N.D. W. Va. 1983)). The Court will dismiss this claim.

No relief is available on Gonzales' allegations of intermittent denial of the full amount of recreation time that the policies prescribe. "Although we have never expressly held that prisoners have a constitutional right to exercise, there can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment prohibited by the Eighth Amendment." Housley v. Dodson, 41 F.3d 597, 599 (10th Cir. 1994), abrogated on other grounds by Lewis v. Casey, 518 U.S. 343, 349-54 (1996). See also Fogle v. Pierson, 435 F.3d 1252, 1259-60 (10th Cir. 2006)(ruling that allegedly "being denied all outdoor exercise for the three years he was in administrative segregation" states an Eighth Amendment claim). "We recognize . . . that what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates." Housley v. Dodson, 41 F.3d at 599. See Mitchell v. Rice, 954 F.2d 187, 191-92 (4th Cir. 1992)(applying totality of circumstances analysis to restrictions on out-of-cell exercise and noting that "penological considerations may, in certain circumstances, justify restrictions")(quoted

in Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 810 n.8 (10th Cir. 1999)). As the Tenth Circuit has stated, "[although] one hour per week . . . of . . . exercise and fresh air is still restrictive, we cannot say, without more, that it fails to satisfy the demands of the Eighth Amendment." Bailey v. Shillinger, 828 F.2d 651, 653 (10th Cir. 1987). But see Davenport v. DeRobertis, 844 F.2d 1310, 1315-16 (7th Cir. 1988)(holding that district court's conclusion that the Eighth Amendment requires prisoners who are confined to solitary confinement to be allowed at least five hours of out-of-cell exercise per week was not clearly erroneous). Here, the alleged restrictions on exercise are far less severe than those alleged in Fogle v. Pierson and Perkins v. Kansas Department of Corrections, and the Court will dismiss this claim.

The Court will deny the Motion to Amend as moot, see Fed. R. Civ. P. 15(a)(1) (allowing one amended pleading as a matter of course), and will construe the motion as a Supplemental Complaint. Gonzales' retaliation claims against Marcial, see Request for a Protective Order at 2, will remain pending. Otherwise, the Court will allow Gonzales to file an amended pleading identifying individuals who have allegedly violated his constitutional rights. "[T]o present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphases in original)(citations omitted). Failure to name specific Defendants with sufficient factual allegations against each of them may result in dismissal of these claims.

**IT IS ORDERED** that: (i) Plaintiff Nick James Gonzales' claims of conspiracy-related wrongs, violations of grievance policies and procedures, slippery floors, and denial of recreation are dismissed with prejudice; (ii) Defendants German Franco, Michelle Boyer, and New Mexico Corrections Department Supervisors Administrators are dismissed as parties to this action; (iii) the Plaintiff's Motion to Amend, filed February 2, 2015 (Doc. 9), is denied as moot and construed as a

Supplemental Complaint; (iv) within twenty-one days from entry of this Memorandum Opinion and Order, Gonzales may file a Second Amended Complaint naming as Defendants the individuals who allegedly committed the remaining constitutional violations that he asserts; and (v) the Clerk of the Court is directed to issue notice and waiver of service forms, with copies of the Plaintiff's Untitled Initial Pleading, filed December 29, 2014 (Doc. 1), the Plaintiff's Motion to Amend, filed February 2, 2015 (Doc. 9), and the Request for a Protective Order, filed March 5, 2015 (Doc. 12), for Defendant Gary Marcial.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Nick J. Gonzales
Penitentiary of New Mexico
Santa Fe, New Mexico

    *Plaintiff pro se*