IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK J. GONZALES,

    Plaintiff,

    v.                                    No. 14-cv-1163 JB/SMV

GERMAN FRANCO, MICHELLE BOYER,
and NEW MEXICO CORRECTIONS DEPARTMENT,

    Defendants.

## ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Second[1] Motion to Appoint Counsel [Doc. 22], filed on July 13, 2015. Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. He reports that he cannot afford counsel and resources for this case. [Doc. 22]. He further reports that his access to the law library and knowledge of the law are limited, and thus his ability to effectively litigate his case is limited. *Id.*

However, United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that

---

[1] Plaintiff first moved for appointment of counsel on January 21, 2015. [Doc. 7]. The Court subsequently denied his request on January 28, 2015. [Doc. 8].

there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

The Court is still not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. Moreover, Plaintiff has been adequately presenting his claims thus far.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Second Motion to Appoint Counsel [Doc. 22] is **DENIED** at this time;

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**