IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK JAMES GONZALES,

    Plaintiff,

    v.                                                                               No. CIV 14-1163 JB/SMV

GERMAN FRANCO,
MICHELLE BOYER, GRIEVANCE OFFICER,
THE NEW MEXICO CORRECTIONS
DEPARTMENT SUPERVISORS ADMINISTRATORS,
GARY MARCIAL, UNIT MANAGER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion for Leave to file an Amended Complaint, filed July 1, 2015 (Doc. 21)("Motion to Amend");[1] and (ii) the Plaintiff's Motion for Altered, or Amended Judgment, Reconsideration, filed July 14, 2015 (Doc. 23)("Motion to Reconsider"). For reasons set out below, the Court will deny the motions.

By Order, filed June 30, 2015 (Doc. 19)("June 30 Order"), the Court reviewed Plaintiff Nick James Gonzales' initial pleadings under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure. See Plaintiff's Civil Rights Complaint, filed December 29, 2014 (Doc. 1); Plaintiff's Motion to Amend Complaint, filed February 2, 2015 (Doc. 9); Notice Re: Request to be Heard, filed April 22, 2015 (Doc. 14). In the June 30 Order, the Court dismissed some of Gonzales' claims with leave to amend. The next day, July 1, 2015, the Clerk received his Motion to Amend. In the Motion to Amend, Gonzales states that his intention is to "better bring things into perspective." Motion to Amend at 1. He adds details to his original

---

[1] This Motion to Amend is Gonzales's second motion to amend; he filed a first motion to amend on February 2, 2015. See Plaintiff's Motion to Amend Complaint, filed February 2, 2015 (Doc. 9). By Order entered on June 30, 2015 (Doc. 19), the Court construed the first motion to amend as an amended complaint. See Fed. R. Civ. P. 15 (allowing a first amended complaint "as a matter of course").

allegations, but he does not assert new claims or name additional Defendants. Because the Motion to Amend adds no new substantive allegations or claims, and the Court has fully reviewed Gonzales' original claims, the requested amendment would be futile. "[D]istrict courts may withhold leave to amend only for reasons such as . . . 'futility of the amendment.'" Cohen v. Longshore, 621 F.3d 1311, 1313 (10th Cir. 2010)(quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Court will deny the Motion to Amend.

Gonzales' Motion to Reconsider seeks relief from the earlier order (Doc. 19) that dismissed certain of his claims with leave to amend. In this motion, Gonzales asserts that the Court improperly dismissed his claims, including those against "prison officials, their Supervisors, and Administraters [sic]." Complaint at 2. As grounds, he argues that these Defendants were aware of the violations and failed to prevent them. He again fails to name these purported supervisory Defendants. And even if he had named them, his allegation of their awareness fails to support claims against them. "[T]he plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.'" Phillips v. Tiona, 508 F. App'x 737, 744 (10th Cir. 2013)(quoting Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010)). The Court will dismiss Gonzales' claims against the unnamed supervisory Defendants.

As noted above, the Court's earlier order allowed Gonzales to identify the individuals who allegedly violated his rights. In the Motion to Reconsider, Gonzales' only response to the Court's direction is to allege that a defendant identified as "Sergeant Urtiaga" destroyed property in his cell. It is settled that this allegation does not support a constitutional claim. The resolution of a claim that an officer destroyed an inmate's property is governed by the Supreme Court of the United States' holdings in Parratt v. Taylor, 451 U.S. 527 (1981)(overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)), and Hudson v. Palmer, 468 U.S. 517 (1984), which

addressed the elements necessary to sustain this due-process claim.  In <u>Parratt v. Taylor</u> and <u>Hudson v. Palmer</u>, the Supreme Court held that, where a pre-deprivation hearing was impossible or impractical because the state could not control the random actions of state employees in losing or destroying property, the deprivation was not complete until the State failed or refused to provide an adequate post-deprivation remedy.  <u>See</u> <u>Parratt v. Taylor</u>, 451 U.S. at 538-39; <u>Hudson v. Palmer</u>, 468 U.S. at 534.  Here, as in <u>Hudson v. Palmer</u>, 468 U.S. at 534, state tort remedies are available to redress Gonzales' alleged deprivation, and thus his due-process rights were not violated even if the confiscation was intentional.  <u>See</u> <u>Wilson v. United States</u>, 29 F. App'x 495, 496-97 (10th Cir. 2002).  The Court will therefore deny the apparent request to name Urtiaga as a Defendant.

**IT IS ORDERED** that the Plaintiff's Motion for Leave to file an Amended Complaint, filed July 1, 2015 (Doc. 21), and the Plaintiff's Motion for Altered, or Amended Judgment, Reconsideration, filed July 14, 2015 (Doc. 23), are denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Nick James Gonzalez
Penitentiary of New Mexico
Santa Fe, New Mexico

    *Plaintiff pro se*

Nancy L. Vincent
New Mexico Corrections Department
Santa Fe, New Mexico

    *Attorney for Defendant Gary Marcial*