IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NICK JAMES GONZALES,**

    **Plaintiff,**

**v.**                                                                                                                     **No. 14-cv-1163 JB/SMV**

**GERMAN FRANCO, MICHELLE BOYER,
NEW MEXICO CORRECTIONS
DEPARTMENT SUPERVISORS
ADMINISTRATORS, and GARY MARCIAL,[1]**

    **Defendants.**

## <u>MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

THIS MATTER is before the Court on Plaintiff's Prisoner Civil Rights Complaint ("Complaint") under 42 U.S.C. § 1983, filed December 29, 2014. [Doc. 1]. Defendant Gary Maciel filed an Answer on August 31, 2015. [Doc. 36]. The Honorable James O. Browning, United States District Judge, referred this case to me for analysis and a recommended disposition. [Doc. 3]. Having reviewed the record and relevant law, and being otherwise fully advised in the premises, I recommend that Plaintiff's Complaint be **DISMISSED with prejudice**. I further recommend that Plaintiff's pending motions[2] be construed as motions to amend and **DENIED**. Finally, I recommend that any remaining requests be **DENIED** as moot.

---

[1] Defendants German Franco, Michelle Boyer, and New Mexico Corrections Department Supervisors Administrators were dismissed in a Memorandum Opinion and Order by the Honorable James O. Browning, United States District Judge. [Doc. 19]. Unit manager Gary Maciel is the only remaining defendant (Plaintiff refers to this Defendant as Gary "Marcial," but his Answer, [Doc. 36], indicates that it is spelled "Maciel").

[2] Plaintiff currently has pending the following motions: Motion for Protective Order and Summary Judgment, [Doc. 12], Motion for Summary Judgment, [Doc. 16], Motion for Default and/or Memo in Opposition to Answer,

## PROCEDURAL BACKGROUND

Plaintiff is incarcerated at the Penitentiary of New Mexico in Santa Fe. [Doc. 1] at 8. Plaintiff filed his Complaint on December 29, 2014, [Doc. 1], and a Motion to Amend his Complaint on February 2, 2015, [Doc. 9]. On June 30, 2015, Judge Browning issued a Memorandum Opinion and Order, dismissing all Defendants except for unit manager Gary Maciel. [Doc. 19]. The Order also dismissed certain of Plaintiff's claims. *Id*. Judge Browning denied Plaintiff's Motion to Amend Complaint, [Doc. 9], as moot, construing it as a Supplemental Complaint. [Doc. 19] at 6.

In the same Order, Plaintiff was given leave to file a second amended complaint for the limited purpose of "[naming] as Defendants the individuals who allegedly committed the remaining constitutional violations that he asserts." [Doc. 19] at 6–7. Plaintiff filed a second motion to amend on July 2, 2015. [Doc. 21]. Because this second motion to amend did not add "new substantive allegations" or "name additional Defendants," [Doc. 40] at 2, Judge Browning denied it, as well as Plaintiff's Motion for Reconsideration, [Doc. 23], in a Memorandum Opinion and Order issued on November 2, 2015, [Doc. 40].

Plaintiff has also filed three interlocutory appeals to the Court of Appeals for the Tenth Circuit. [Docs. 25, 41, 46]. The Tenth Circuit dismissed each of his appeals. [Docs. 33, 44, 52].

In addition to his Complaint, [Doc. 1], Plaintiff currently has pending before this Court a Motion for Protective Order and for Summary Judgment, [Doc. 12], Motion for Summary Judgment, [Doc. 16], Motion for Default and/or Memo in Opposition to Answer, [Doc. 37], and

---

[Doc. 37], and Motion for Order to Show Cause, Preliminary Injunction, and/or Temporary Restraining Order, [Doc. 45].

Motion for Order to Show Cause, Preliminary Injunction and/or Temporary Restraining Order, [Doc. 45].

## STANDARD FOR MOTIONS TO AMEND

A party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earliest. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The decision to grant leave is within the court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). A court may choose to withhold leave to amend if the proposed amendment would be futile; that is, if it "would not withstand a motion to dismiss or if it otherwise fails to state a claim." *Beach v. Mut. of Omaha Ins. Co.*, 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002).

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a party's claims must be nudged "'across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although a court must accept as true all of the allegations in a complaint, deference is "inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* Thus, should Plaintiff's motions to amend be denied as futile due to failure to state a claim on which relief can be granted, his case is subject to dismissal.

## ANALYSIS

### I. The Court construes Plaintiff's pending motions and other filings as motions to amend.

Since filing his Complaint [Doc. 1] and Supplemental Complaint [Doc. 9], Plaintiff has barraged the Court with a flurry of additional papers. Besides his pending motions, [Docs. 12, 16, 37, 45], he has filed Exhibits [Docs. 6, 15, 17], Memorandums/Notices [Docs. 9, 18, 20, 29, 30, 38], a Request for Hearing and Notice, [Doc. 13], a Notice regarding Request to be Heard, [Doc. 14], a second amended complaint, [Doc. 21], and a motion for reconsideration, [Doc. 23]. While he has given these documents different titles, it seems that Plaintiff's intent is to supplement his original complaint. The Court construes these filings as motions to amend and reviews them for futility. Thus, the Court's inquiry is whether, even after considering all of his additional filings and construing them liberally, Plaintiff has stated a claim on which relief may be granted.

### II. The claims raised by Plaintiff in his motions to amend do not warrant relief under § 1983.

Plaintiff has added to his voluminous list of complaints in each document he has filed over the past year, often in the form of a stream of consciousness. Because Plaintiff's complaints are so diverse and numerous, it is difficult to group them neatly. They all have one thing in common, however—their lack of merit. Some of these assorted claims about the conditions of his confinement fail because Plaintiff makes only conclusory allegations, while others fail because he has not provided the requisite factual support. Finally, some of Plaintiff's

claims are simply frivolous. Plaintiff's motions to amend his complaint should be denied, and granting him further leave to amend would be futile. Plaintiff has been given a number of opportunities to amend his complaint, along with specific instruction on how to do so. Despite this, and despite over 200 pages of filings, Plaintiff has failed to state a claim upon which relief may be granted.

> **a. Certain of Plaintiff's claims fail because they are nothing more than conclusory allegations, while others fail because he has not provided a sufficient factual basis for the claim.**

Although a court must accept as true all of the factual allegations in a complaint, deference will not be given to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A number of Plaintiff's allegations are nothing more than the barest conclusions of law.[3] He recites various theories of liability without providing a scrap of information about the alleged incidents. Plaintiff has shown only that he knows the names of various legal causes of action. He is not entitled to relief based on this knowledge.

For certain other claims, while Plaintiff does more than list the name of the cause of action, he fails to provide sufficient factual information about the violation.[4] Plaintiff is required to plead "factual content that [would allow] the court to draw the reasonable inference that the

---

[3] Plaintiff alleges failure to properly administer, negligence, deliberate indifference, abuse of power, violations of human dignity, inappropriate staff treatment, invasion of personal security, failure to cure and correct, [Doc. 9] at 1, sexual harassment, [Doc. 39] at 2–3, excessive force, [Doc. 14] at 4, mistreatment, *id*. at 4, assault, [Doc. 21] at 5, and due process violations, *id*. at 11.

[4] The following allegations do not have sufficient factual support: verbal abuse, [Doc. 12] at 2, labeling Plaintiff a snitch, [Doc. 14 ] at 2, threats to destroy his mail, [Doc. 21] at 4, deliberate indifference by mental health services, [Doc. 18] at 2, use of chemical agents [Doc. 9] at 10, denial of religious practices, *id*. at 1, inadequate barbering services and supplies, *id*. at 10, improper medical examinations, [Doc. 12] at 6, failure to properly treat Plaintiff's medical conditions, [Doc. 18] at 4–6, failure to provide fresh underwear daily, [Doc. 13] at 1, failure to deliver his mail, [Doc. 15] at 4, lack of access to records and legal materials, [Doc. 1] at 6, being told to stop filing grievances, [Doc. 9] at 1, and lack of a PIN number for phone calls, [Doc. 2] at 8.

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 687. "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

While he does more than name a cause of action with respect to certain of his claims, Plaintiff has not provided adequate information about the circumstances of those claims. For example, Plaintiff alleges that he has been discriminated against on the basis of his religion in that he is not permitted to observe the sacraments of communion or confession. *See, e.g.* [Doc. 9] at 4. However, his claim of religious discrimination begins and ends with this unsupported and unsubstantiated assertion. He provides no information about when he was denied access to communion or confession, whether he was denied access more than once, and if so, how often, who was responsible for the denial, whether he attempted to use the prison's internal grievance system to address the issue, or any other context.

Plaintiff has left out one particularly important fact with regard to the vast majority of his claims; he has failed to identify the individuals responsible for the alleged constitutional violations. Judge Browning's Order on June 30, 2015, dismissed certain of Plaintiff's claims and specifically directed Plaintiff to name the individuals responsible for the ones that remained. [Doc. 19] at 6. Since then, Plaintiff has filed six more documents with the Court, totaling 52 pages. [Docs. 20, 21, 23, 29, 37, 38]. Despite specific instructions to the contrary, Plaintiff has not identified any individual responsible for the vast majority of his allegations. In other words,

he has not been able to "make clear exactly *who* is alleged to have done *what* to *whom*," *Robbins*, 519 F.3d at 1250.

Plaintiff occasionally "names names"—that is, he identifies the person who allegedly violated his rights.[5] However, even when Plaintiff identifies an alleged perpetrator, his allegations against that person fail because they lack factual specificity or are simply frivolous. The information that Plaintiff has provided fails to demonstrate the "facial plausibility" required to withstand dismissal. *Iqbal*, 556 U.S. at 678.

### b. Certain of Plaintiff's claims fail because they are simply frivolous.

Many of Plaintiff's complaints concern aspects of his daily life at the prison with which he is unhappy.[6] For example, he alleges that unit manager (and sole remaining defendant) Gary Maciel violated Plaintiff's rights when he threated various punishments after discovering that Plaintiff had unauthorized nail clippers in his cell. [Doc. 12] at 2. Plaintiff has chosen the incorrect forum to raise complaints of this nature, as they are better-suited to the prison's internal grievance system. He "wrongly perceive[s] the Constitution as a micromanager of daily prison activities, and a guarantee of prisoner preferences over those of prison officials." *Handy v. Price*, 996 F.2d 1064, 1068 (10th Cir. 1993); *see also Sandin v. Conner*, 515 U.S. 472, 482

---

[5] *See, e.g.*, [Doc. 18] at 2 (alleging that Heather Wright was deliberately indifferent to his potential for mental health problems); [Doc. 12] at 2 (alleging that unit manager Gary Maciel threatened various punishments because Plaintiff had nail clippers in his cell).

[6] Plaintiff lists the following aspects of his condition as unsatisfactory: he was once not given a full 20 minutes to eat, [Doc. 38] at 3, correctional officers do not conduct security checks frequently enough, [Doc. 1] at 4, the recreation area is inadequate, [Doc. 9] at 9, Plaintiff is made to shave every day, [Doc. 1] at 5, privileges are taken if Plaintiff does not shave daily or make his bed by 6:00 a.m., [Doc. 2] at 11, his laundry was once unreturned, [Doc. 12] at 4, his laundry was once not picked up, [Doc. 14] at 2, he was taunted by officials, *id.*, he had less toothpaste or soap than he wanted, [Doc. 21] at 9, he was once denied a shower, [Doc. 38] at 1, the unit manager reported that the cells are cleaner than they actually were, [Doc. 1] at 3–4, he was told to write to his opposing attorney (apparently in another civil matter) instead of calling, [Doc. 12] at 3, and the unit manager threatened to revoke certain privileges when it was discovered that Plaintiff had nail clippers in his room, *id.* at 2.

(1995) ("[F]ederal courts ought to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile environment."). It is clear from the relief he requests that Plaintiff seeks the Court's interference with the quotidian operations of the prison. *See, e.g.,* [Doc. 1] at 7 (Plaintiff requests that a grievance officer be replaced and a unit manager be disciplined).

The claims raised by Plaintiff—even if assumed to be true—do not indicate that prison officials have deprived Plaintiff of "the minimal civilized measure of life's necessities," *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998), as required for relief under § 1983. Indeed, Plaintiff is correct to point out that many of the issues he raises "should be handled internally" through the prison's grievance system. [Doc. 11] at 2; *see also* [Doc. 1] at 7 (As part of his requested relief, Plaintiff asks that the New Mexico Corrections Department handle his complaints internally rather than "having Plaintiffs have to come before [the Court.]"). His dissatisfaction with the results of the prison's internal grievance system does not open the door for him to inundate the Court with complaints about every aspect of his life in prison. Indeed, "the Eighth Amendment does not mandate comfortable prisons, and conditions imposed may be 'restrictive and even harsh.'" *Barney*, 143 F.3d at 1311.

### III. **Plaintiff has not shown that the prison's internal grievance system is unavailable to him.**

In his answer, Defendant Maciel "avers that administrative remedies have not been exhausted" by Plaintiff, as required by 42 U.S.C. § 1997(e). [Doc. 36] at 5. The exhaustion requirement of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e) provides that:

> "No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997(e). "[P]roper exhaustion of administrative remedies . . . means using all steps that the [prison] holds out, and doing so properly (so that the [prison] addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

A prisoner is only required to exhaust "available" remedies. *Tuckel v. Grover*, 660 F.3d 1249, 1252–3 (10th Cir. 2011). If prison officials hinder a prisoner's access to administrative remedies, those remedies cease to be available and a prisoner's requirement to exhaust them is excused. *Id*. District courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" before dismissing a claim for failure to exhaust. *Aquilar-Avellaveda v. Terell,* 478 F.3d 1223, 1225 (10th Cir. 2007).

Plaintiff is clearly unimpressed with the prison's internal grievance system. He appears to argue that the grievance system is "unavailable" to him, though he does not use those exact words. *See* [Doc. 9] at 6 (Plaintiff alleges that prison employees do not follow proper grievance procedures). Plaintiff has attached copies of some of his grievances and the responses to those grievances. His own submissions show that he has access to the prison's system but has repeatedly failed to follow the steps required to obtain relief through it. *See* [Doc. 16] at 13, 15. He also acknowledges that he has chosen to forgo the prison's system for handling his complaints, instead choosing to of file them with the Court. [Doc. 11] at 2 (Plaintiff states that if it weren't for the defendants, he "wouldn't needlessly have to waste the Court's time with issues which should be handled internally."). While he may be less-than-thrilled with the result of the

outcome of the internal grievance system, that does not entitle him to use the Court as his sounding board, nor does it prove that the grievance system has been made unavailable to him.[7]

## CONCLUSIONS AND RECOMMENDED DISPOSITION

For the reasons set forth herein, I respectfully recommend that the Plaintiff's Complaint [Doc. 1] be **DISMISSED with prejudice**. I also recommend that Plaintiff's pending motions (Motion for Protective Order and for Summary Judgment, [Doc. 12], Motion for Summary Judgment, [Doc. 16], and Motion for Default and/or Memo in Opposition to Answer, [Doc. 37], and Motion for Order to Show Cause, Preliminary Injunction and/or Temporary Restraining Order, [Doc. 45]) be construed as motions to amend and **DENIED** as futile. Finally, I recommend that any remaining requests be **DENIED** as moot.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Objections are limited to 20 pages and shall comply with the Local Rules regarding form of documents.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[7] Further, Judge Browning has already dismissed Plaintiff's claims of dissatisfaction with the prison's grievance procedures. [Doc. 19] at 3–4 ("[Plaintiff's] allegations that the Defendants ignore and summarily deny his grievances and administrative complaints do not support constitutional claims . . . The Court will dismiss [Plaintiff's] claims for violations of grievance procedures."). Since that ruling, Plaintiff has offered nothing warranting a different outcome.