IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICK JAMES GONZALEZ,

    Plaintiff,

v.                                                                                No. CIV-14-1163 JB/SMV

GERMAN FRANCO, MICHELLE BOYER,
NEW MEXICO CORRECTIONS
DEPARTMENT SUPERVISORS
ADMINISTRATORS, and GARY MARCIAL,[1]

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 10, 2015 (Doc. 53)("PFRD"). In the PFRD, the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommends dismissing with prejudice the Plaintiff's Complaint, filed December 29, 2014 (Doc. 1), and denying as moot all pending requests and motions, see Request for a Protective Order Against Adverse Conduct, and a Motion for Summary Judgment, filed March 5, 2015 (Doc. 12); Motion for Summary Judgment, filed May 29, 2015 (Doc. 16); Motion for Default and/or a Memorandum in Opposition to Answer filed August 31, 2015, filed September 14, 2015 (Doc. 37); Order to Show Cause for a Preliminary Injunction and/or a Temporary Restraining Order, filed November 5,

---

[1]In a Memorandum Opinion and Order that the Court issued on June 30, 2015 (Doc. 19), the Court dismissed Defendants German Franco, Michelle Boyer, and "New Mexico Corrections Department Supervisors Administrators." Defendant and unit manager Gary Maciel is the only remaining Defendant. Plaintiff Nick James Gonzalez refers to Defendant Maciel as "Marcial," but Maciel's Answer corrects his spelling. See Answer to Complaint for Defendant Gary Maciel, filed August 31, 2015 (Doc. 36).

2015 (Doc. 45). Plaintiff Nick James Gonzalez objects to the PFRD. See Memorandum in Opposition to Order Filed 12-10-2015, and Reasons for Appeal, filed December 28, 2015 (Doc. 54). The Court will adopt the PFRD, dismiss with prejudice Gonzalez' Complaint, and deny as moot all of his pending requests and motions.

**LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and

Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quotations omitted)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"  One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

---

[2]Congress enacted the Federal Magistrates Act, 28 U.S.C. § 631, in 1968.

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United

---

10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Pevehouse v. Scibana and Salazar v. Seagrave, 204 F. App'x 723, 726 (10th Cir. 2006) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Circuit Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo

review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PFRD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting:

"The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## **BACKGROUND**

Gonzalez is incarcerated at the Penitentiary of New Mexico in Santa Fe, New Mexico. See Complaint at 8, filed December 29, 2014 (Doc. 1). Gonzalez moved to amend his Complaint on February 2, 2015. See Motion to Amend, filed February 2, 2015 (Doc. 9). On June 30, 2015, the Court issued a Memorandum Opinion and Order, dismissing all Defendants except for unit manager Gary Maciel. See Memorandum Opinion and Order at 6, filed June 30, 2015 (Doc. 19)("June 30 Order"). The Court also dismissed some of Gonzalez' claims, including his claim regarding the inadequacy of the prison's internal grievance system. See June 30 Order at 6-7. The Court denied Gonzalez' Motion to Amend Complaint as moot, construing it as a Supplemental Complaint. See June 30 Order at 6.

In the same Order, Gonzalez was given leave to file a second amended complaint for the limited purpose of "[naming] as Defendants the individuals who allegedly committed the

remaining constitutional violations that he asserts." June 30 Order at 6-7. Gonzalez filed a second motion to amend on July 1, 2015. See Motion for Leave to File an Amended Complaint, filed July 1, 2015 (Doc. 21). The Court denied Gonzalez' second motion to amend because it did not add "new substantive allegations" or "name additional Defendants." Memorandum Opinion and Order at 2-3, filed November 2, 2015 (Doc. 40)("November 2 Order"). The Court also denied Gonzalez' Motion for Altered, or Amended Judgment, Reconsideration, filed July 14, 2015 (Doc. 23). See November 2 Order at 3.

Gonzalez has also attempted three interlocutory appeals to the Court of Appeals for the Tenth Circuit. See Notice of Appeal, filed July 27, 2015 (Doc. 25); Motion to Reinstate Appeal Proceedings and to Have Case Decided by Appellate Court, filed October 29, 2015 (Doc. 41); Notice of Appeal, filed November 8, 2015 (Doc. 46). The Tenth Circuit has dismissed each of his appeals. See Order, filed August 10, 2015 (Doc. 33-1); Order, filed November 4, 2015 (Doc. 44); Order, filed December 10, 2015 (Doc. 52).

The case was referred to Judge Vidmar on December 31, 2014. See Order of Reference, filed December 31, 2014 (Doc. 3). Judge Vidmar issued his PFRD on December 10, 2015. See Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 10, 2015 (Doc. 53). In it, he reviewed each of Gonzalez' remaining claims, including his allegations that he had to drink from the toilet, because no other water was available, he was sexually harassed, he could not maintain proper hygiene, he was denied attorney calls, and he was denied medical attention. See PFRD at 4-10. Judge Vidmar concluded that each remaining claim failed, because it was conclusory, frivolous, and/or because Gonzalez did not provide the requisite factual support. See PFRD at 4-8. Because Gonzalez continued to complain about the prison's internal grievance system, despite the Court's having dismissed this claim in its June 30 Order,

Judge Vidmar addressed this claim. See PFRD at 8-10. He interpreted Gonzalez' continued complaints as an attempt to argue that the grievance system was "unavailable" to him, thus excusing his failure to exhaust his administrative remedies. PFRD at 8-10. He found that Gonzalez had failed to show that the system was unavailable. See PFRD at 10. Judge Vidmar also recommended construing Gonzalez' additional filings[4] as motions to amend and denying them as futile. See PFRD at 10. In summary, Judge Vidmar recommended dismissing Gonzalez' Complaint in its entirety, and denying all of Gonzalez' pending motions and requests as moot.

Gonzalez timely objected to the PFRD on December 28, 2015. See Memorandum in Opposition to Order filed 12-10-2915, and Reasons for Appeal, filed December 28, 2015 (Doc. 540)("Objection").

## **ANALYSIS**

The Court will overrule Gonzalez' objection based on Judge Vidmar's alleged bias. The Court will also overrule Gonzalez' objections to the proposed dismissal of his Complaint and the denial of his other motions. Finally, the Court will not grant Gonzalez an evidentiary hearing.

---

[4]See Notice of Filing of Exhibits, filed January 15, 2013 (Doc. 6); Motion to Amend, filed February 2, 2015 (Doc. 9); Request for a Protective Order Against Adverse Conduct and a Motion for Summary Judgment, filed March 5, 2015 (Doc. 12); Request for a Hearing/Notice, filed April 9, 2015 (Doc. 13); Request to be Heard, filed April 22, 2015 (Doc. 14); Designation of More Exhibits, filed April 29, 2015 (Doc. 15); Motion for Summary Judgment, filed May 29, 2015 (Doc. 16); Notice of Filing Additional Exhibits, filed June 17, 2015 (Doc. 17); Memorandum, filed June 24, 2015 (Doc. 18); Memorandum, filed July 1, 2015 (Doc. 20); Motion for Leave to File an Amended Complaint, filed July 1, 2015 (Doc. 21); Motion for Altered, or Amended Judgment, Reconsideration, filed July 14, 2015 (Doc. 23); Order to Show Cause for Preliminary Injunction, filed July 29, 2015 (Doc. 29); Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order, filed August 3, 2015 (Doc. 30); Motion for Default and/or a Memorandum in Opposition to Answer filed August 31, 2015 (Doc. 37); Memorandum to this Court, filed October 23, 2015 (Doc. 38); Order to Show Cause for a Preliminary Injunction and/or a Temporary Restraining Order, filed November 5, 2015 (Doc. 45).

**I.    THE COURT WILL OVERRULE GONZALEZ' OBJECTION BASED ON JUDGE VIDMAR'S ALLEGED BIAS.**

Gonzalez first objects that the "assigned Judge clearly displays his biased opinions." Objection at 1. Gonzalez does not allege any facts, other than Judge Vidmar's adverse findings, that would suggest that Judge Vidmar is biased or prejudiced against him. "[T]he fact that a judge has previously rendered a decision against a party is not sufficient to show prejudice." United States v. Irwin, 561 F.2d 198, 200 (10th Cir. 1977). "Adverse rulings, standing alone, do not establish judicial bias or prejudice." United States v. Carroll, 567 F.2d 955, 958 (10th Cir. 1977). Gonzalez bases his allegation of bias solely on Judge Vidmar's PFRD. Nothing in the record suggests that Judge Vidmar is biased or prejudiced against Gonzalez. Gonzalez' objection of bias by Judge Vidmar is therefore overruled.

**II.   THE COURT WILL OVERRULE GONZALEZ' OBJECTIONS TO THE PROPOSED DISMISSAL OF HIS COMPLAINT AND THE DENIAL OF HIS MOTIONS TO AMEND.**

Gonzalez objects to the dismissal of his claims that the prison's internal grievance system is inadequate; that he was forced to drink from the toilet; that he was sexually harassed; that he could not maintain proper hygiene; that he was denied attorney calls; and that he was denied medical attention. See Objection at 1-4. He objects to the dismissal of "certain named defendants," although he does not specify which Defendants he means. Objection at 3. Gonzalez also objects to Judge Vidmar's recommended denial of his motions to amend. Although the structure of Gonzalez' objections is piecemeal, it amounts to an opposition to the PFRD's essential conclusions -- that the Court dismiss his Complaint and deny his motions to amend.

The broad nature of Gonzalez' objections necessitated the Court's de novo review of the entire record to determine if Gonzalez has stated a cognizable claim under 42 U.S.C. § 1983.

The Court reviewed all of Gonzalez' allegations, assuming them to be true, to decide whether he has stated a claim upon which relief may be granted. With respect to Gonzalez' continued criticism of the prison's internal grievance system, the Court concludes that, even considering his additional filings since the Court dismissed this claim in June, 2015, Gonzalez has not stated a claim upon which relief may be granted. It is still the case that "[Gonzalez'] allegations that the Defendants ignore and summarily deny his grievances and administrative complaints do not support constitutional claims. . . . The Court will dismiss [Gonzalez'] claims for violations of grievance procedures." June 30 Order at 3-4. The Court further concludes that Gonzalez has not shown that the grievance system is "unavailable" to him, and his failure to exhaust his administrative remedies is therefore not excused.

The Court has also reviewed Gonzalez' claims concerning various aspects of his confinement. Although he states his displeasure with many aspects of his confinement,[5] including those specifically named in his objections, he has either failed to provide sufficient factual support for any of his claims, or has asserted claims that lack a sound basis in the applicable law or in the facts. See Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Barney v. Pulsipher, 143 F.3d 1299, 1311 (10th Cir. 1998)("[T]he Eighth Amendment

---

[5]See, e.g., PFRD at 7 n.6 ("Plaintiff lists the following aspects of his condition as unsatisfactory: he was once not given a full 20 minutes to eat, [Doc. 38] at 3, correctional officers do not conduct security checks frequently enough, [Doc. 1] at 4, the recreation area is inadequate, [Doc. 9] at 9, Plaintiff is made to shave every day, [Doc. 1] at 5, privileges are taken if Plaintiff does not shave daily or make his bed by 6:00 a.m., [Doc. 2] at 11, his laundry was once unreturned, [Doc. 12] at 4, his laundry was once not picked up, [Doc. 14] at 2, he was taunted by officials, id., he had less toothpaste or soap than he wanted, [Doc. 21] at 9, he was once denied a shower, [Doc. 38] at 1, the unit manager reported that the cells are cleaner than they actually were, [Doc. 1] at 3–4, he was told to write to his opposing attorney (apparently in another civil matter) instead of calling, [Doc. 12] at 3, and the unit manager threatened to revoke certain privileges when it was discovered that Plaintiff had nail clippers in his room, id. at 2.").

does not mandate comfortable prisons, and conditions imposed may be restrictive and even harsh.")(internal citations omitted). After de novo review, the Court has determined that Gonzalez fails to state a claim upon which relief may be granted with regard to the specific claims listed in his objections, or any of the other claims he has made. The Court will deny Gonzalez' Complaint. The Court will overrule Gonzalez' objections to the contrary.

The Court has also determined that it should not give Gonzalez further leave to amend his Complaint. While Gonzalez is correct that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), a court may choose to withhold leave to amend if the proposed amendment would be futile; that is, if it "would not withstand a motion to dismiss or if it otherwise fails to state a claim," Beach v. Mut. of Omaha Ins. Co., 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002)(Waxse, J.). As noted above, the Court has reviewed all of Gonzalez' voluminous filings since his original Complaint. Even if Gonzalez were permitted to amend his complaint to include the additional filings, there is no sound reason to conclude that he would be able to state a claim upon which relief could be granted. Allowing Gonzalez leave to amend would thus be futile. The Court denies Gonzalez' motions to amend and overrules his objections.

## III. **GONZALEZ IS NOT ENTITLED TO AN EVIDENTIARY HEARING.**

Gonzalez requests an evidentiary hearing before the Court to present witnesses and exhibits in support of his claims. See Objection at 2. With the exception of offering to provide security camera footage of an alleged assault on Gonzalez, he is unspecific about the nature of the evidence he would present. See Objection at 2. He provides no information about the identity of any witnesses or the substance of the testimony they would provide, nor does he provide any details about the contents or number of exhibits he would offer. Other than the

security camera footage, it is unclear which claims he believes he could support through witnesses or exhibits, or how the witnesses and exhibits would support his claims.

Gonzalez does not allege that he has previously attempted to present this evidence to the Court or that he has been prevented from doing so. Even assuming, however, that he has specific witnesses or exhibits to present to the Court, they would not help him. In determining whether to dismiss a complaint at this stage, the Court "accept[s] as true" all factual allegations made by a plaintiff. Ashcroft v. Iqbal, 556 U.S. at 678. That is, the Court assumes Gonzalez' asserted facts to be true without the support of exhibits or testimony. In light of the Court's ruling that Gonzalez has failed to state a claim upon which relief may be granted, the presentation of such evidence at a hearing would not help Gonzalez avoid dismissal. Gonzalez is not entitled to an evidentiary hearing.

**IT IS ORDERED** that: (i) The Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 10, 2015 (Doc. 53), are adopted; (ii) Plaintiff's Complaint, filed December 29, 2014 (Doc. 1), is dismissed with prejudice; and (iii) Plaintiff's pending requests and motions, including the Request for a Protective Order Against Adverse Conduct and a Motion for Summary Judgment, filed March 5, 2015 (Doc. 12); the Motion for Summary Judgment, filed May 29, 2015 (Doc. 16); the Motion for Default and/or a Memorandum in Opposition to Answer filed August 31, 2015 (Doc. 37); and the Order to Show Cause for a Preliminary Injunction and/or a Temporary Restraining Order, filed November 5, 2015 (Doc. 45), are denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Nick James Gonzalez
Penitentiary of New Mexico
Santa Fe, New Mexico

    *Plaintiff pro se*

Nancy L. Vincent
New Mexico Corrections Department
Santa Fe, New Mexico

    *Attorney for Defendant Gary Maciel*